# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-0223V
(not to be published)

| | |
|---|---|
| MARCIA GRAY,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 13, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Administrative Time |

*Isaiah Richard Kalinowski*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Paul Elias Werner*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 14, 2018, Marcia Gray filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") causally related to the influenza vaccination she received on October 13, 2016. (Petition at ¶¶ 3, 16). On September 23, 2019, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 41).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 30, 2019, (ECF No. 46), requesting a total award of $29,723.57 (representing $28,877.20 in fees and $846.37 in costs). In accordance with General Order #9 Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (ECF No. 46-3.) Respondent reacted to the motion on January 14, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers my discretion to determine the amount to be awarded. Petitioner did not file a reply thereafter. That same day Petitioner filed a reply requesting the amount in the motion be awarded in full. (ECF No. 48).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

2

A. Hourly Rates

Petitioner requests compensation for attorney Isaiah Kalinowski at the following rates; $358 for time billed in 2017, $368 for time billed in 2018 and $383 for time billed in 2019. (ECF No. 46-1 at 21). I have reviewed the billing records submitted with petitioner's request and find no cause to reduce the rates as they have been previously awarded to Mr. Kalinowski.

Attorney Amber Wilson billed 0.20 hours in 2017 at a rate of $308 per hour. (*Id*). Ms. Wilson has previously been awarded the rate of $290 for 2017. *Noblett v. Sec'y of Health & Human Servs.,* No. 14-969V, 2017 WL 3033932, at *2 (Fed. Cl. Spec. Mstr. June 15, 2017). As is consistent with other cases in this program, I reduce Ms. Wilson's rate to the previously awarded rate of $290.00. This results in a reduction of fees in the amount of **$3.60**.[3]

Attorney Danielle Strait billed 0.10 hours in 2017 at a rate of $320.00 per hour. (*Id*). This amount exceeds the rate previously awarded for Ms. Strait. *Liggett v. Sec'y of Health & Human Servs.*, No. 15–526V (Fed. Cl. Spec. Mstr. Aug. 3, 2017; *Schultheis v.Sec'y of Health & Human Servs.* No. 13–781, 2017 WL 2825819 (Fed. Cl. Spec. Mstr. June 5, 2017); *Hogan on behalf of S.M.H. v. Sec'y of Health & Human Servs.*, No. 13–780V, 2017 WL 3585648 (Fed. Cl. Spec. Mstr. Jul. 24, 2017). As is consistent with other cases in this program, Ms. Strait's rate will be reduced to $307.00 per hour, reducing the request for attorney fees in the amount of **$1.30**.[4]

B. Administrative Time

It also appears that a number of entries in the billing records are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Examples of these include:

- November 13, 2017 (0.10 hrs) "Send correspondence to Eastern Maine Medical Center for medical records received. Update file."

---

[3] This amount consists of $308 - $290 = $18 x 0.20 hrs = $3.60.

[4] This amount consists of $320 - $307 = $13 x 0.10 hrs = $1.30.

3

- February 8, 2018 (0.20 hrs) "Send new client authorization to client for execution. Update client file."
- February 20, 2018 (0.10 hrs) "Receive updated client authorization, save to file."
- June 25, 2018 (0.20 hrs) "Send correspondence requesting additional medical records. Update notes to file."
- September 12, 2018 (0.10 hrs) "Review and organize case documents."
- September 24, 2019 (0.10 hrs) "Send letter and decision to client."

ECF No. 46-1 @ 5-7, 9-10 and 18.[5]

The tasks that are considered administrative will not be reimbursed. This reduces the request for attorney fees in the amount of **$310.80**.[6]

## ATTORNEY COSTS

Petitioner requests $846.37 in overall costs. (ECF No. 46-2). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find the overall amount to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$29,407.87** (representing $28,561.50 in fees and $846.37 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. Petitioner requests the check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

---

[5] These are merely examples and not an exhaustive list.

[6] This amount consists of ($145 x .60 hrs = $87) + ($148 x 1.20 hrs = $177.60) + ($154 x 0.30 hrs = $46.20) = $310.80.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master
